## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEW MEXICO

JAMES THOR KIRK,

       Petitioner,

v.                                    No. CV 14-976 JH/CG

GREGG MARCANTEL, et al.,

       Respondents.


### PROPOSED FINDINGS AND RECOMMENDED DISPOSITION

**THIS MATTER** is before the Court on Petitioner James Thor Kirk's *Application*
for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 ("Application"), filed on
October 29, 2014, (Docs. 1, 5), and *Respondents' Answer to* Pro Se *Petitioner James
Thor Kirk's 28 U.S.C. § 2254 Petition for Federal Habeas Relief [Docs. 1, 5]* ("Answer"),
filed December 15, 2014.[1] (Doc. 11). After considering the parties' filings and the
relevant law, the Court **RECOMMENDS** that the Application be **DISMISSED WITHOUT
PREJUDICE**.

### I.    Procedural Background

Petitioner is incarcerated at the Central New Mexico Correctional Facility. (Docs.
1, 6). On September 5, 2013, pursuant to the *Repeat Offender Plea and Disposition
Agreement*, Petitioner pled no contest in Cause No. D-1314-CR-201000338 in the
Thirteenth Judicial District Court in the County of Valencia, New Mexico ("state district
court"). He pled to the following felony offenses: (i) fourth-degree possession of a

---

[1] The Court construes Petitioner's *APPENDIX/SUPPLEMENT*, (Doc. 5), as part of the Application. *See
Hall v. Bellmon*, 935 F.2d 1106, 1112 (10th Cir. 1991) (holding that a *pro se* litigant's pleadings are to be
construed liberally and held to a less stringent standard than formal pleadings drafted by attorneys).

controlled substance, in violation of NMSA 1978 § 30-31-23; (ii) third-degree assault

with intent to commit a violent felony, in violation of NMSA 1978 § 30-03-03; and (iii)

fourth-degree aggravated fleeing a law enforcement officer, in violation of NMSA 1978

§ 30-22-01.1. (Doc. 11-1 at 8-9). In exchange for entering the plea agreement, two other

charges and a related case, M-59-FR-201000284, were dropped. (Doc. 11-1 at 10).

Petitioner appeared *pro se* at the sentencing hearing on March 4, 2014. (Doc. 11-1 at

1).

After the sentencing hearing, Petitioner filed a request for *Habeas Corpus Relief*

on March 21, 2014, in which he requested that the state district court provide him with a

habeas corpus relief packet. (Doc. 11-5 at 19). On March 25, 2014, the state district

court entered the *Judgment, Sentence and Commitment to NM Corrections*

*Department*, (Doc. 11-1 at 1-7), sentencing Petitioner to a ten year period of

incarceration, suspended by two years, followed by a two-year parole period. (Doc. 11-1

at 4).

On April 14, 2014, Petitioner filed the *Motion for Reconsideration/APPEAL*, in

which he asked the state district court to examine his case, and alleged that he had

been sentenced to eight years when he had already served three, and that he had been

found not competent to stand trial.[2] (Doc. 11-5 at 20). Subsequently, on April 15, 2014,

Petitioner filed a *Motion for Reconsideration/Transport Order*, seeking the state district

court's permission to be transferred to a rehabilitation program. (Doc. 11-5 at 21).

Thereafter, Petitioner moved for the appointment of counsel in the Court of

---

[2] On the state district court docket sheet dated December 1, 2014, a *Motion for Reconsideration/Appeal* was filed on April 14, 2014. (Doc. 11-5 at 41). On the state district court docket sheet dated December 10, 2014, a *Motion for Reconsideration/Appeal* was filed on April 11, 2014. (Doc. 11-5 at 36). The Court is confident that these two motions are the same, as the only difference reflected on the two dockets is the filing date.

Appeals of the State of New Mexico ("state court of appeals"). (Doc. 11-5 at 25-26). The state court of appeals denied the request, noting that Petitioner had not filed a notice of appeal as to the criminal case in the state district court, and that there did not seem to be a final, appealable order in the state district court, given the pending post-judgment motions. (*Id.*).

On July 15, 2014, the state district court held a motion hearing. (Doc. 11-5 at 34,35 ). After the hearing, Petitioner filed an *Amendment of Judgment and Sentence Reconsideration/Oxford House Program* on July 25, 2014, which has not been adopted by the state district court. (Doc. 11-5 at 22-24). Finally, on September 26, 2015, Petitioner filed another *Motion to Reconsider Sentence* pursuant to NMRA 5-801(b), asking the state district court to consider the delay of his plea and his right to a speedy trial, and negligence related to his arrest and prosecution. (Doc. 11-5 at 28-31).

The state district court appointed counsel to Petitioner on October 8, 2014. (Doc. 11-5 at 32). The state district court then denied Petitioner's April 14, 2014 *Motion for Reconsideration/APPEAL* on November 19, 2014.[3] The state district court has not expressly addressed the other pending post-judgment motions. The record does not reflect that Petitioner has filed a direct appeal of his conviction and sentence, or a state habeas proceeding.

On October 29, 2014, Petitioner requested habeas review of his conviction in Cause No. D-1314-CR-201000338 from this Court, pursuant to 28 U.S.C. § 2254 as amended by the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"). The Court construes Petitioner's grounds for habeas relief as follows:

---

[3] *See* note 2, *supra.*

- Ground 1: Petitioner argues that his Sixth Amendment right to a speedy trial was violated because he was detained in Valencia County Detention Center from October 27, 2010 through March 16, 2014.
- Ground 2: Petitioner argues that his detention at the Valencia County Detention Center amounted to cruel and unusual punishment in violation of the Eighth Amendment.

Respondents argue, (Doc. 11 at 7-8), and Petitioner concedes, that none of Petitioner's claims have been exhausted. (*See* Doc. 1 at 6-9) (answering "No" when Petitioner was asked whether he had appealed the results of any post-conviction proceedings to the highest state court having jurisdiction, and also stating generally that all proceedings in state courts are "pending"). Respondents therefore urge the Court to dismiss the Application without prejudice. (Doc. 11 at 8).

## II.    Standard of Review

Petitioner is a *pro se* litigant. His pleadings must be construed liberally and held to a less stringent standard than is required of a party represented by counsel. *Hall*, 935 F.2d at 1110. Liberal construction requires courts to make some allowance for a *pro se* litigant's "failure to cite proper legal authority, his confusion of various legal theories, his poor syntax and sentence construction, or his unfamiliarity with pleading requirements." *Garrett v. Selby, Connor, Maddux & Janer*, 425 F.3d 836, 840 (10th Cir. 2005) (quoting *Hall*, 935 F.2d at 1110) (alterations omitted). However, "the court cannot take on the responsibility of serving as the litigant's attorney in constructing arguments and searching the record." *Garrett*, 425 F.3d at 840.

## III.    Analysis: Exhaustion of State Court Remedies

Before a federal district court may consider the merits of a habeas petition brought pursuant to 28 U.S.C. § 2254, the court must first be satisfied that the petitioner has exhausted all available state remedies. *See* 28 U.S.C. § 2254(b)(1)(A)(2) ("An

4

application for a writ of habeas corpus on behalf of a person in custody pursuant to a judgment of a State court shall not be granted unless it appears that the applicant has exhausted the remedies available in the courts of the State."). The exhaustion doctrine is based upon principles of comity and federalism; in a federal system, state courts should be afforded an opportunity to hear a petitioner's case before federal courts are called upon to resolve the issue. *See, e.g.*, *Vasquez v. Hillery*, 474 U.S. 254, 257 (1986) ("The exhaustion doctrine seeks to afford the state courts a meaningful opportunity to consider allegations of legal error without interference from the federal judiciary.").

The exhaustion requirement is considered satisfied "if the federal issue has been properly presented to the highest state court, either by direct review of the conviction or in a postconviction attack." *Dever v. Kan. State Pen'y*, 36 F.3d 1531, 1534 (10th Cir. 1994). A petitioner has not fairly presented his claims unless he has afforded the state courts "one full opportunity to resolve any constitutional issues." *O'Sullivan v. Boerckel*, 526 U.S. 838, 845 (1999). A petitioner has not properly exhausted his state remedies if he fails to submit those claims to the state's highest court for discretionary review. *See id.* "Fair presentation requires more than presenting all the facts necessary to support the federal claim to the state court." *Bland v. Sirmons*, 459 F.3d 999, 1011 (10th Cir. 2006) (quotations and alterations omitted). "Fair presentation means that the petition has raised the substance of the federal claim in state court." *Id.* (citing 28 U.S.C. § 2254(c)) (alterations omitted). Further, the petitioner bears the burden of demonstrating that he exhausted all of his claims before the highest state court. *McCormick v. Kline*, 572 F.3d 841, 851 (10th Cir. 2009).

Here, at the time Petitioner filed his Application, the state district court had not

yet rendered a final judgment as to Petitioner's underlying convictions, as it was still

considering his post-judgment motions. (*See* Doc. 11-5 at 25-26, 32, 33, 35-39). Since

then, the state district court has denied Petitioner's *Motion for*

*Reconsideration/APPEAL.* (Doc. 11-5 at 34). Nevertheless, the Court finds upon review

of the record that Petitioner has neither directly appealed his conviction and sentence

nor filed a state habeas proceeding. Therefore both of his claims are wholly

unexhausted.

Respondents urge the Court to dismiss the Petition without prejudice, since

Petitioner may return to state court to exhaust his available remedies. (Doc. 11 at 8).

Petitioner has not addressed this argument. When a habeas petition contains entirely

unexhausted claims, as is the case here, the petition should be dismissed without

prejudice. *United States v. Hickman*, No. 06-6068, 191 Fed. Appx. 756, 757 (10th Cir.

Aug. 11, 2006) (unpublished). Traditionally, only mixed petitions are entitled to the stay-

and-abeyance procedure authorized by *Rhines v. Weber*, 544 U.S. 269 (2005). *See*

*Hickman*, 191 Fed. Appx. at 757. In this case, none of Petitioner's claims are

exhausted, and therefore the Petition is not mixed. Further, stay and abeyance may be

appropriate when the district court determines there was good cause for the petitioner's

failure to exhaust. *Rhines*, 544 U.S. at 277. However, Petitioner has not alleged or

shown good cause for failing to exhaust his claims. Therefore, the Court does not find

that stay and abeyance is proper.

When determining whether to dismiss a habeas petition for reasons of non-

exhaustion, "federal courts should consider whether, upon dismissal of the claims, the

petitioner would then be able to raise them in the state courts." *Demarest v. Price*, 130

F.3d 922, 939 (10th Cir. 1997). "[I]f the court to which Petitioner must present his claims in order to meet the exhaustion requirement would now find those claims procedurally barred, there is a procedural default for the purposes of federal habeas review." *Dulin v. Cook*, 957 F.2d 758, 759 (10th Cir. 1992) (citation omitted). There is no statute of limitations in New Mexico that prevents a petitioner from filing a state habeas petition. *See State v. Sutphin*, 164 P.3d 72, 76 (N.M. 2007). Thus, Petitioner may still be able to exhaust available state remedies.

Because there is a possibility that Petitioner's unexhausted claims may still be reviewed by the New Mexico state courts, the Court finds that Petitioner's unexhausted claims should be dismissed without prejudice so that he may pursue these claims in state court. *See, e.g., Banks v. Horn*, 126 F.3d 206, 211 (3d Cir. 1997) (advising federal courts to exercise caution before finding a claim procedurally barred where the possibility of state review exists "even if it is not likely that the state court will consider petitioner's claim on the merits"); *Burgin v. Broglin*, 900 F.2d 990, 995 (7th Cir. 1990) (finding that where uncertainty exists regarding the availability of state remedies and further exhaustion is required, the better course is to require petitioner to explore the possibility that state remedies exist).

Accordingly, this Court finds that Petitioner has raised wholly unexhausted habeas claims, and that he may still request review of those claims from the state courts. Therefore, the Court recommends that the Petition be dismissed without prejudice.

## IV.    Recommendation

Based on the above analysis, the Court recommends that all of the cognizable claims for habeas relief asserted in the *Application*, (Docs. 1, 5), be **DISMISSED WITHOUT PREJUDICE**. The Court further recommends that a certificate of appealability be **DENIED**.

---

**THE PARTIES ARE FURTHER NOTIFIED THAT WITHIN 14 DAYS OF SERVICE of a copy of these Proposed Findings and Recommended Disposition they may file written objections with the Clerk of the District Court pursuant to 28 U.S.C. § 636(b)(1). A party must file any objections with the Clerk of the District Court within the fourteen-day period if that party wants to have appellate review of the proposed findings and recommended disposition. If no objections are filed, no appellate review will be allowed.**

---

THE HONORABLE CARMEN E. GARZA
UNITED STATES MAGISTRATE JUDGE