IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

JAMES THOR KIRK,

        Petitioner,

v.                                                                                                            No. CV 14-976 JCH/CG

GREGG MARCANTEL, et al.,

        Respondents.

## ORDER ADOPTING MAGISTRATE JUDGE'S
## PROPOSED FINDINGS AND RECOMMENDED DISPOSITION

**THIS MATTER** is before the Court on United States Magistrate Judge Carmen Garza's *Proposed Findings and Recommended Disposition* ("PFRD"), filed on March 4, 2015. (Doc. 21). In the PFRD, the Magistrate Judge concluded that Petitioner James Thor Kirk presented wholly unexhausted habeas claims, and recommended that his *Application* for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 ("Application"), (Docs. 1, 5), be dismissed without prejudice.

The parties were notified that written objections to the PFRD were due within 14 days. (Doc. 21 at 8). Petitioner filed *Objections to Proposed Findings and Recommended Disposition* ("Objections"), (Doc. 22), on March 13, 2015. After a *de novo* review of the record and the PFRD, the Court adopts Judge Garza's PFRD in its entirety. In addition, the Court will now deny Petitioner's *Motion for Appointment of Counsel*, (Doc. 2), filed October 29, 2014, and Motion for *Status Conference*, (Doc. 16), filed January 16, 2015.

**I.     Background**

Petitioner is incarcerated at the Central New Mexico Correctional Facility. (Docs. 1, 6). On September 5, 2013, pursuant to a *Repeat Offender Plea and Disposition Agreement*, Petitioner pled no contest in Cause No. D-1314-CR-201000338 in the Thirteenth Judicial District Court in the County of Valencia, New Mexico ("state district court"). He pled to the following felony offenses: (i) fourth-degree possession of a controlled substance, in violation of NMSA 1978 § 30-31-23; (ii) third-degree assault with intent to commit a violent felony, in violation of NMSA 1978 § 30-03-03; and (iii) fourth-degree aggravated fleeing a law enforcement officer, in violation of NMSA 1978 § 30-22-01.1. (Doc. 11-1 at 8-9). On March 25, 2014, the state district court entered the *Judgment, Sentence and Commitment to NM Corrections Department*, (Doc. 11-1 at 1-7), sentencing Petitioner to a ten-year period of incarceration, suspended by two years, followed by a two-year parole period. (Doc. 11-1 at 4).

Thereafter, Petitioner filed several motions for reconsideration in the state district court. (*See* Doc. 11-5 at 20, 21, 22-24, 28-31, 34-35). He also moved for the appointment of counsel in the Court of Appeals of the State of New Mexico ("state court of appeals"). (Doc. 11-5 at 25-26). The state court of appeals denied the request, noting that Petitioner had not filed a notice of appeal as to the criminal case in the state district court, and that there did not seem to be a final, appealable order in the state district court, given the pending post-judgment motions. (*Id.*).

The state district court appointed counsel to Petitioner on October 8, 2014. (Doc. 11-5 at 32). The state district court then denied one of Petitioner's *Motions for Reconsideration/APPEAL* on November 19, 2014. The state district court has not

expressly addressed the other pending post-judgment motions. The record does not reflect that Petitioner has filed a direct appeal of his conviction and sentence, or a state habeas proceeding.

On October 29, 2014, Petitioner requested habeas review of his conviction in Cause No. D-1314-CR-201000338 from this Court, pursuant to 28 U.S.C. § 2254 as amended by the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"). This Court referred this matter to Judge Garza to conduct analysis, and to make findings of fact and a recommended disposition. (Doc. 3). Judge Garza construed Petitioner's grounds for habeas relief as asserting claims under the Sixth and Eighth Amendments against Defendants, and concluded that Petitioner's claims should be dismissed without prejudice because Petitioner had failed to exhaust his state court remedies.

## II.   Objections

Pursuant to Rule 8 of the Rules Governing Section 2254 Proceedings for the United States District Courts, a district judge may, under 28 U.S.C. § 636(b), refer a pretrial dispositive motion to a magistrate judge for proposed findings of fact and recommendations for disposition.  Within fourteen days of being served, a party may file objections to this recommendation.  Rule 8(b) of the Rules Governing Section 2254 Proceedings for the United States District Courts.  A party may respond to another party's objections within fourteen days of being served with a copy; the rule does not provide for a reply.  FED. R. CIV. P. 72(b).[1]

When resolving objections to a magistrate judge's recommendation, the district judge must make a *de novo* determination regarding any part of the recommendation to

---

[1] The Federal Rules of Civil Procedure may be applied to the extent that they are not inconsistent with any statutory provisions or the Rules Governing Section 2254 Proceedings.  Rule 12 of the Rules Governing Section 2254 Proceedings for the United States District Courts.

which a party has properly objected. 28 U.S.C. § 636(b)(1)(C). Filing objections that address the primary issues in the case "advances the interests that underlie the Magistrate's Act, including judicial efficiency." *United States v. One Parcel of Real Prop., With Bldgs., Appurtenances, Improvements, and Contents*, 73 F.3d 1057, 1059 (10th Cir. 1996). Objections must be timely and specific to preserve an issue for *de novo* review by the district court or for appellate review. *Id*. at 1060. Additionally, issues "raised for the first time in objections to the magistrate judge's recommendation are deemed waived." *Marshall v. Chater*, 75 F.3d 1421, 1426 (10th Cir. 1996); *see also United States v. Garfinkle*, 261 F.3d 1030, 1030-31 (10th Cir. 2001) ("In this circuit, theories raised for the first time in objections to the magistrate judge's report are deemed waived.").

In this case, Petitioner requested habeas review of his conviction in Cause No. D-1314-CR-201000338 pursuant to 28 U.S.C. § 2254 as amended by the AEDPA. Judge Garza construed Petitioner's grounds for habeas relief as follows:[2]

- Ground 1: Petitioner argues that his Sixth Amendment right to a speedy trial was violated because he was detained in Valencia County Detention Center from October 27, 2010 through March 16, 2014.
- Ground 2: Petitioner argues that his detention at the Valencia County Detention Center amounted to cruel and unusual punishment in violation of the Eighth Amendment.

After considering all of the evidence in the record, Judge Garza determined that Petitioner's habeas claims were wholly unexhausted, and that he could still request review of those claims from the state courts. (Doc. 21 at 7). Accordingly, Judge Garza

---

[2] The Court must construe the filings of a pro se litigant liberally and hold them to a less stringent standard than formal pleadings drafted by lawyers. *See Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). However, the Court cannot go so far as to serve as the pro se litigant's advocate. *Id.* Plaintiff must follow the same procedural rules that govern other litigants. *Nielsen v. Price,* 17 F.3d 1276, 1277 (10th Cir. 1994). The Court construes Petitioner's *APPENDIX/SUPPLEMENT*, (Doc. 5), as part of the Application.

recommended that all of Petitioner's claims for habeas relief be dismissed without prejudice.

Petitioner objects to Judge Garza's findings, arguing that he has done all he can to exhaust all state remedies, and that the state district court has not answered his requests to mail him direct appeal and habeas corpus pro se documents. (Doc. 22 at 1). Defendants have not responded to Plaintiff's objection.

In the PFRD, Judge Garza explained that a federal district court may not consider the merits of a habeas petition brought pursuant to 28 U.S.C. § 2254 unless the petitioner has exhausted all available state remedies. *See* 28 U.S.C. § 2254(b)(1)(A). A petitioner is considered to have exhausted all available state remedies "if the federal issue has been properly presented to the highest state court, either by direct review of the conviction or in a post-conviction attack." *Dever v. Kan. State Pen'y*, 36 F.3d 1531, 1534 (10th Cir. 1994). Upon review of the record, Judge Garza found that Petitioner had neither directly appealed his conviction and sentence nor filed a state habeas proceeding. Judge Garza also noted that Petitioner conceded that none of his claims had been exhausted, given that he answered "No" when asked whether he had appealed the results of any post-conviction proceeding to the highest state court having jurisdiction, and stated generally that all proceedings in state courts were "pending." (*See* Doc. 1 at 6-9). Petitioner did not otherwise argue that any attempts to exhaust state court remedies would be futile, or that good cause existed for his failure to exhaust. As a result, Judge Garza concluded that his claims were wholly unexhausted.

This Court agrees with Judge Garza's analysis. Indeed, the record reflects that Petitioner has not filed an appeal of his conviction or a state habeas proceeding.

Moreover, Petitioner's argument that his attempts to exhaust state court remedies have been fruitless was raised for the first time in his objections, and is therefore deemed waived. *Marshall*, 75 F.3d at 1426; *see also Garfinkle*, 261 F.3d at 1030-31 ("In this circuit, theories raised for the first time in objections to the magistrate judge's report are deemed waived.").

Even considering Petitioner's objection, however, this Court does not come out differently than Judge Garza. A court may entertain unexhausted habeas claims where exhaustion "would have been futile because either 'there is an absence of available State corrective process' or 'circumstances exist that render such process ineffective to protect the rights of the applicant.'" *Selsor v. Workman,* 644 F.3d 984, 1026 (10th Cir. 2011) (citing 28 U.S.C. §§ 2254(b)(1)(B)(i), (ii)). "The state prisoner bears the burden of proving that . . . exhaustion would have been futile." *Id*. (citing *Clonce v. Presley*, 640 F.2d 271, 273 (10th Cir. 1981)). Here, it is undisputed that Petitioner has not exhausted his federal claims. Instead, Petitioner argues that the exhaustion requirement should be waived, because the state court has been unresponsive to his requests for appeal and habeas corpus packets. (Doc. 22 at 1).

However, apart from Petitioner's unsupported allegations that the state courts are not responding to his requests, there is nothing in the record to indicate that the State's corrective process was unavailable, or that the process would be ineffective to protect Petitioner's rights.[3] While Petitioner did request a Habeas Corpus Relief packet from the state court, (*see* Doc. 11-5 at 19), he did so before a final judgment was rendered in his

---

[3] Petitioner points the Court to motions filed in his civil rights action, No. CV 12-1157 JP/WPL, to support his argument. (Doc. 22 at 1). Petitioner did not specify which motions the Court should consider. In any event, Petitioner's civil rights action is an entirely separate case challenging the conditions of his confinement and seeking damages, as distinguished from Petitioner's federal habeas proceeding presently before the Court. Thus, the Court will not consider the motions. *See Palma-Salazar v. Davis*, 677 F.3d 1031, 1035 (10th Cir. 2012).

underlying criminal case. Indeed, the state court of appeals has responded to Petitioner's filings, explaining that without a final, appealable order, the Court cannot hear his appeal. (Doc. 11-5 at 25-26). There is nothing in the record to suggest that Petitioner has filed a direct appeal or a state habeas proceeding after judgment in his underlying criminal case became final. As a result, the Court finds that Petitioner has not met his burden to show that exhaustion would be futile. Therefore, the Court agrees with Judge Garza's recommendation that Petitioner's Application be dismissed without prejudice.

### III.  Motion for Status Conference

In addition to the PFRD, the Court will consider Petitioner's Motion for *Status Conference*. (Doc. 16). In light of the discussion above, the Court finds that oral argument will not assist the Court in the resolution of this matter, and that a decision can be reached based on the record alone. Therefore, Petitioner's Motion for *Status Conference* should be denied.

### IV.  Motion for Appointment of Counsel

The Court will also consider Petitioner's *Motion for Appointment of Counsel*. (Doc. 2). The Court weighs several factors in determining whether to appoint a pro se plaintiff counsel. Those factors include "the merits of the litigant's claims, the nature of the factual issues raised in the claims, the litigant's ability to present his claims, and the complexity of the legal issues raised by the claims.'" *Rucks v. Boergermann*, 57 F.3d 978, 979 (10th Cir. 1995) (quotations omitted). The Court has carefully reviewed Petitioner's motion, the relevant case law, and the Application in light of the aforementioned factors. The Court finds that Petitioner appears to understand the

issues in his case and appears to be representing himself in an intelligent and capable manner. Therefore, his motion for appointment of counsel will be denied at this time.

## V.     Conclusion

Plaintiff has not pointed out any factual or legal errors in Judge Garza's analysis of the claims in the Application. The Court finds that Judge Garza conducted the proper analysis and correctly concluded that Petitioner's claims should be dismissed without prejudice. Petitioner's objections are therefore overruled.

For the reasons stated above, **IT IS HEREBY ORDERED**:

a) Judge Garza's *Proposed Findings and Recommended Disposition*, (Doc. 21), be **ADOPTED**;
b) Plaintiff's *Application*, (Docs. 1, 5) be **DISMISSED WITHOUT PREJUDICE**;
c) Plaintiff's *Motion for Status Conference*, (Doc. 16), be **DENIED**; and
d) Plaintiff's *Motion for the Appointment of Counsel*, (Doc. 2), be **DENIED**.

**IT IS SO ORDERED**.

_____
THE HONORABLE JUDITH C. HERRERA
UNITED STATES DISTRICT JUDGE